**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| American Heritage Federal Credit Union,<br>2060 Red Lion Road<br>Philadelphia, PA 19115,<br><br>Plaintiff<br><br>v.<br><br>United States Department of the Treasury<br>Bureau of the Fiscal Service<br>13000 Townsend Road<br>Philadelphia, PA 19154,<br><br>Defendant | Civil Action<br><br>No.: |

**COMPLAINT TO SET ASIDE CHECK RECLAMATION**

Plaintiff American Heritage Federal Credit Union ("American Heritage"), by its undersigned counsel, avers as follows:

**NATURE OF ACTION, PARTIES, JURISDICTION, AND VENUE**

1. This is an action for judicial review and declaratory and injunctive relief to rescind and reverse a check reclamation decision (the "Decision") by the United States Department of the Treasury's Bureau of the Fiscal Service (the "Agency"). A copy of the Decision by the Agency is attached as *Exhibit C*.

2. In its Decision, the Agency indicated that it will cause $133,925.57 (the "Funds") to be debited from American Heritage's Federal Reserve account.

3. Upon information and belief, the Agency will cause the withdrawal of the Funds on or shortly after September 23, 2026.

4. The Agency's rationale for its Decision – that the U.S. Treasury check at issue allegedly has a forged or unauthorized endorsement – is factually incorrect.

5. The Agency overlooked and/or failed to consider the facts raised by American Heritage in its protest of the reclamation (the "Protest"). A copy of American Heritage's Protest is attached as *Exhibit B*. American Heritage incorporates it here in full.

6. The Protest includes a signed and notarized statement from the very person the Agency contends forged or did not authorize the endorsement, that directly contradicts the Agency's allegations. *Exhibit B at Exhibit 3*.

7. Notably, in contrast to American Heritage in its Protest, the Agency did not state the alleged evidence (if any) upon which it relied for its Decision. *See Exhibit C*.

8. The Agency cited 31 C.F.R. § 240, *et seq.*, as the legal authority for its Decision. *Exhibit C*.

9. Pursuant to 31 C.F.R. § 240.9(b)(5), the Decision by the Agency denying the Protest by American Heritage is a final agency determination under the Administrative Procedure Act, exhausting the administrative remedies available to American Heritage and allowing it to request judicial review by this Court under 5 U.S.C.A. § 704.

10. American Heritage is a federally chartered, non-profit financial cooperative with offices at 2060 Red Lion Road, Philadelphia, PA 19115. American Heritage is a citizen of Pennsylvania.

11. The Agency has a mailing address of P.O. Box 51318, Philadelphia, PA 19115-6318. Upon information and belief, the Agency has a physical street address at 13000 Townsend Road, Philadelphia, PA 19154. At all relevant times, the Agency acted or failed to act through its

personnel, in their official capacities. This included an unnamed "Lead Legal Administrative Specialist" indicated on the Decision. *See Exhibit C*.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 ("Federal Question") because the federal Agency has alleged that it will seize or cause to be seized the Funds, which is the property of American Heritage, pursuant to federal statute and authority, 31 C.F.R. § 240, *et seq.*, and because American Heritage requests review of the Agency's Decision in accordance with 5 U.S.C.A. §§ 702 and 704.

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346 ("United States as defendant") because this is a civil action or claim against an agency of the United States, not exceeding $10,000 in amount (American Heritage does not seek damages in this case), founded upon an Act of Congress and/or regulation of an executive department.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 ("Venue generally") because this is the judicial district in which a substantial part of the events or omissions giving rise to American Heritage's claim occurred, or a substantial part of property that is the subject of the action (the Funds) is situated.

## BACKGROUND

### The Reclamation Notice

15. On or about July 23, 2026, American Heritage received a Notice of Direct Debit (U.S. Treasury Check Reclamation) ("Reclamation Notice") from the Agency. A copy of the Reclamation Notice is attached as *Exhibit A*.

16. "Reclamation means a demand for the amount of a check for which Treasury has requested an immediate refund." 31 C.F.R. § 240.2

17. According to the Agency's Reclamation Notice, its purpose was as follows:

**Reclamation Information:**

This "Notice of Direct Debit (U.S. Treasury Check Reclamation)" represents a demand to your financial institution for the return of funds on a Treasury check that was negotiated on a forged or unauthorized endorsement. This "Notice of Direct Debit (U.S. Treasury Check Reclamation)" is authorized by the Code of Federal Regulations, Title 31, Chapter II, Part 240, which regulates the negotiation of Treasury checks. The Treasury system provides for the receipt of refund payments through the same line of endorsers in which the original check was presented for payment. Instructions governing deposits by the Federal Reserve Banks to the Treasury Department are provided in Volume II, Treasury Financial Manual, Part 4, Chapter 4000.

Please be advised that full payment of all reclamations is due on the reclamation date, which is the date on the Notice of Direct Debit (U.S. Treasury Check Reclamation) and is delinquent as of that date.

*Exhibit A, p. 5 of 7*. *See also Alnor Check Cashing v. Katz*, 11 F.3d 27, 30 (3d Cir. 1993) ("Treasury regulation 31 C.F.R. § 240.6 requires a presenting bank to refund the value of a check paid by the Treasury, if the check later is found to bear 'a forged or unauthorized indorsement.' 31 C.F.R. § 240.6(a). Treasury regulation 31 C.F.R. § 240.2(p) defines an unauthorized indorsement to include an 'indorsement made by a person other than the payee, except as authorized by and in accordance with § 204.5 and §§ 240.11 through 240.15.' 31 C.F.R. § 240.2(p)(1).") (quoting prior versions of the regulations).

18. The subject of the Agency's Reclamation Notice was a check dated September 8, 2025, in the amount of $133,925.57 (the Funds), payable to one "Scott Simmons." *Exhibit A, p. 2 of 7*.

19. According to the Agency, the sole reason for the reclamation was "Unauthorized Negotiation/Claim." *Exhibit A, p. 2 of 7*.

20. The Agency provided no other alleged rationale, information, context, or evidence explaining or supporting its demand.

21. Unless American Heritage timely filed a protest of the Reclamation Notice, the Agency planned to debit the full amount of the Funds from American Heritage's Federal Reserve account on August 23, 2026. *Exhibit A, p. 2 of 7*.

**The Protest**

22. On August 19, 2026, pursuant to 31 C.F.R. § 240.7 and 31 C.F.R. § 240.9, American Heritage timely filed its Protest, *Exhibit B*, with the Agency. *See* 31 C.F.R. § 240.7(b)(4) ("The presenting bank may offer evidence that an indorsement on the back of the check was not forged or was otherwise authorized in accordance with the requirements of §§ 240.13 through 240.17."); 31 C.F.R. § 240.9 (b)(iv) ("The reclamation debtor may offer evidence that the indorsement was not forged or was otherwise authorized in accordance with the requirements of §§ 240.13 through 240.17.").

23. In its Protest, American Heritage explained that:

> …After receiving the Reclamation Notice, American Heritage called the IRS. The IRS stated that the basis for the Reclamation Notice was that Mr. Simmons allegedly did not own the account into which the check was deposited. However, none of this is factually correct. The negotiation of the check was <u>not</u> unauthorized, as is alleged by the Reclamation Notice. Moreover, Mr. Simmons <u>does</u> own the account that received the funds. **<u>In short, there is no factual basis to debit American Heritage.</u>**

*Exhibit B, p. 1* (emphasis original).

24. The Protest included as exhibits the Reclamation Notice (Exhibit 1), a copy of the check at issue (Exhibit 2), a signed and notarized statement dated August 14, 2026 from Mr. Simmons (Exhibit 3), and a "TrueChecks" report run by American Heritage (Exhibit 4).

25. In its Protest, American Heritage noted that Mr. Simmons, in his statement, identified the check as his own, and confirmed, *inter alia*:

- He received the check;
- He signed his name on the back of the check;
- He cashed the check;
- He deposited the check in an account for which he is the primary owner;

- The check was cashed with his permission;
- He received money or benefit from the check;
- His present name is the same as is on the check.

*Exhibit B, p. 1-2 and Exhibit 3*.

26. Mr. Simmons's statement directly contradicts the Agency's "unauthorized negotiation/claim" in its Reclamation Notice.

27. Furthermore, American Heritage informed the Agency that its own internal investigation contradicted the Agency's "unauthorized negotiation/claim" determination:

- Prior to when American Heritage accepted and presented the check for payment, American Heritage: (1) verified the check and its security features consistent with Treasury guidance; (2) followed established procedures for Treasury check verification via TrueChecks (which connects to the Treasury Check Verification System with built-in payee validation) – a copy of the TrueChecks report is attached as Exhibit 4; and (3) had no knowledge or notice of any prior or competing claim, unauthorized claim filing, or restriction on negotiation related to this check.

- Mr. Simmons endorsed and negotiated the check at American Heritage. American Heritage hereby confirms that the endorsement on the back of the check matches the signature in American Heritage account records, and there is no indication of a forged or unauthorized endorsement.

- American Heritage records show that the entire proceeds of the check were credited to an account owned by Mr. Simmons, and Mr. Simmons had full access to and use of those funds. Below is an excerpt from Mr. Simmons's account statement for September 2025 showing deposit of the check:

[The quoted text is on the next page.]

American Heritage
CREDIT UNION

2060 Red Lion Road, Philadelphia, PA 19115-1603

CHANGE SERVICE REQUESTED
959032 45549 1/9 UNQ 10-02-25 CLT
000045548 1 NO

SCOTT SIMMONS
106 W DUVAL ST
PHILADELPHIA PA 19144-1906

**Account Statement**
**800.342.0008 | AmericanHeritageCU.org**
Member Number: **XXXXXX8650**
Statement For: **09/01/2025 - 09/30/2025**
Page: **1 of 7**

EARN REWARDS THIS FALL!
Earn Cash Rewards with our Cash Reward Mastercard®
Earn ScoreCard Rewards® with our Platinum Preferred Mastercard
AmericanHeritageCU.org/CreditCards
Equal Opportunity Lender.

**Account Summary**

09/09 Deposit By Check ITM Session: 10551436 MARITM175 133,925.57

(highlighting supplied).

*Exhibit B, p. 2 and Exhibit 4*.

28. American Heritage offered to produce the account statement for inspection. *Exhibit B, p. 2*.

29. Additionally, American Heritage observed that, "Prior to receipt of the Reclamation Notice, American Heritage did not receive any notice from either Mr. Simmons or the U.S. Treasury of any allegation that the deposit of the check was unauthorized or fraudulent." *Exhibit B, p. 2*.

30. Based on the evidence, American Heritage concluded that there was no factual basis for the Reclamation Notice, and requested that the Agency rescind it, as follows:

[The quoted text is on the next page.]

> Based on these facts, the characterization of this item as an "unauthorized negotiation/claim" is inconsistent with the transaction record and Mr. Simmons's receipt and use of the proceeds.
>
> All the evidence shows that Mr. Simmons received full benefit from the check and that there was no loss to the Treasury. Because Mr. Simmons received full value, the U.S. Treasury has not sustained a loss attributable to American Heritage, and reclamation against American Heritage is inappropriate under the Treasury Check Reclamation procedures. American Heritage therefore respectfully requests that the U.S. Treasury rescind the Reclamation Notice and cancel any planned direct debit of American Heritage's Federal Reserve master account.

*Exhibit B, p. 3*.

31. Senior Vice President of Risk & Compliance Rachel Nguyen signed the Protest on behalf of American Heritage. *Exhibit B, p. 3*.

**The Decision**

32. On August 24, 2026, the Agency rendered its Decision, *Exhibit C*.

33. In its Decision, the Agency acknowledged receipt of the Protest, repeated its prior determination that the check "was found to bear a forged or unauthorized endorsement," cited 31 C.F.R. § 240, *et seq.*, and then summarily and without elaboration concluded, "As a result, your protest is denied." *Exhibit C*.

34. The Decision is unsigned. It includes a signature block for an unnamed "Lead Legal Administrative Specialist, Post Payment Division." This Agency staffer may have issued the Decision. *See Exhibit C*. However, his/her identity is unknown.

35. If American Heritage's Protest refuted the Agency's allegations in its Reclamation Notice by a preponderance of the evidence, the Agency was required to withdraw and rescind its Reclamation Notice. 31 C.F.R. § 240.7(d)(1) ("If, based on the evidence provided, the responsible Fiscal Service Director, or an authorized designee, finds that the presenting bank has met, by a preponderance of the evidence, the criteria in paragraph (b) of this section, Treasury will reverse its decision to decline payment on the check by directing a Federal Reserve Bank to provide credit in the amount of the check to the presenting bank."); 31 C.F.R. § 240.9(b)(4)(ii)

("If, based on the evidence provided, the responsible Fiscal Service Director, or an authorized designee, finds that the reclamation debtor has met, by a preponderance of the evidence, the criteria in paragraph (b)(2) of this section, Treasury will notify the reclamation debtor, in writing, of his or her decision to terminate collection and will refund any amounts previously collected for the reclamation debt.").

36. American Heritage's Protest demonstrated by a preponderance of the evidence that the Agency's allegations in its Reclamation Protest – in particular, the Agency's allegations that of "unauthorized negotiation/claim" by Mr. Simmons – were factually incorrect.

37. In response to the Protest, the Decision does not cite, refer to, or rely upon any alleged facts or evidence.

38. The Decision does not discuss or even mention any of the facts and evidence raised by American Heritage in its Protest.

39. According to 31 C.F.R. § 240.2:

> Forged or unauthorized indorsement means:
>
> (1) An indorsement of the payee's name by another person who is not authorized to sign for the payee; or
>
> (2) An indorsement of the payee's name made by another person who has been authorized by the payee, but who has not indorsed the check in accordance with §§ 240.4 and 240.13 through 240.17; or
>
> (3) An indorsement added by a financial institution where the financial institution had no authority to supply the indorsement; or
>
> (4) A check bearing an altered payee name that is indorsed using the payee name as altered.

40. There is no evidence and nothing in the record before the Agency meeting this definition.

41. Accordingly, the Court should set aside the Decision and stop the Agency from causing the seizure of American Heritage's Funds.

**COUNT I**

**JUDICIAL REVIEW AND DECLARATORY AND INJUNCTIVE RELIEF**

42. American Heritage incorporates the previous paragraphs as if fully set forth herein.

43. The Administrative Procedure Act, 5 U.S.C.A. § 702, affirms that:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party…

44. Because of the Decision by the Agency denying American Heritage's Protest of the Reclamation Notice, and the imminent seizure of its Funds caused by the Agency, American Heritage has suffered legal wrong or been adversely affected or is aggrieved within the meaning of 31 C.F.R. § 240, *et seq.*, and therefore requests judicial review by this Court and that this Court set aside the Agency's Decision.

45. The Declaratory Judgment Act, 28 U.S.C. § 2201, allows that:

> (a) In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

46. There is an actual controversy between American Heritage and the Agency regarding the Decision by the Agency denying American Heritage's Protest of the Agency's Reclamation Notice, and whether the Agency may cause the seizure of American Heritage's Funds.

47. The Agency contends that its Decision was correct and that the Agency may cause the seizure of American Heritage's Funds – but American Heritage contends that the Decision was incorrect and the Agency may not cause the seizure of its Funds.

48. American Heritage requests that this Court declare that the Decision was erroneous and is invalid.

49. It is well-settled that "[a]bsent a clear congressional command to the contrary, federal courts retain their authority to issue injunctive relief in actions over which they have jurisdiction." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 138 (3d Cir. 2000).

50. This Court has equitable power to stop the Agency from causing the taking of the Funds from American Heritage.

51. American Heritage will suffer irreparable harm if the Court does not enjoin the Agency.

WHEREFORE, American Heritage requests that the Court:

a. allow discovery regarding the decision-making process (if any) utilized by the Agency in rendering the Decision;

b. review the record;

c. conduct an evidentiary hearing or trial, if necessary;

d. in accordance with 5 U.S.C.A. § 706, declare that the Agency's Decision was erroneous, arbitrary, capricious, an abuse of discretion, in excess of its authority, and/or not supported by substantial evidence or a preponderance of the evidence as required, and/or otherwise not in accordance with the facts and the law;

e. set aside the Decision and the check reclamation;

f. declare that the Agency and the federal government have no right to the Funds;

g. enjoin the Agency from itself or causing any other government agency or person from debiting the Funds from any American Heritage account, at the United States Federal Reserve or anywhere else;

h. direct the Agency to cause the restoration to American Heritage of any Funds the Agency or any other government agency or person has already debited from any American Heritage account, at the United States Federal Reserve or anywhere else;

i. award American Heritage its costs, in an amount to be determined; and

j. award American Heritage such other and further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: /s/ *Jonathan W. Hugg*
Jonathan W. Hugg, Esq. (Pa. Id. No. 73589)
Emily Williams (Pa. Id. No. 336676)
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102-1909

*Attorneys for Plaintiff,*
*American Heritage Federal Credit Union*

September 16, 2026